IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY d/b/a Erlanger Health System<br><br>Plaintiff,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No.:_____<br><br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW the Plaintiff, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY d/b/a Erlanger Health System, by counsel, and hereby submits its complaint and demand for jury trial against defendant Honeywell International, Inc., and alleges the following:

### THE PARTIES

1. Plaintiff Chattanooga Hamilton County Hospital Authority d/b/a Erlanger Health System (hereinafter referred to as "Erlanger) is a nonprofit Tennessee corporation which owns and operates, among other facilities, the Erlanger Baroness Hospital or "Main Hospital" at 975 E. 3rd Street in Chattanooga, Tennessee.

2. Defendant Honeywell International, Inc. (hereinafter referred to as "Honeywell") is a Delaware corporation with a principal place of business at 300 South Tryon Street, Charlotte, North Carolina. At all times relevant to the allegations contained herein, defendant Honeywell designed and manufactured hydronic valves for use in, among other applications, water chilled air handling units. At all relevant times Defendant Honeywell conducted business in the State of

Tennessee, including Hamilton County, Chattanooga, Tennessee, on a regular and routine basis and availed itself of the laws of the State of Tennessee. Honeywell may be served with process by serving its registered agent at: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

## JURISDICTION AND VENUE

3. Original jurisdiction of this Court exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events and/or omissions giving rise to the claim occurred within this District.

## FACTUAL BACKGROUND

5. At all relevant times, Erlanger used a cardiovascular operating room on the 4th floor of the Main Hospital. The Cardiovascular Operating Room utilized robotic imaging equipment.

6. At all relevant times, there was a mechanical/electrical room located adjacent to the Cardiovascular Operating Room which contained mechanical and electrical equipment that serviced the cardiovascular operating room and robotic imaging equipment.

7. The mechanical/electrical room consisted of, among other things, an overhead chilled water unit and an electrical panel used to supply power to the robotic imaging equipment in the cardiovascular operating room.

8. At all relevant times, the chilled water unit contained an uninsulated hydronic valve manufactured by Honeywell (hereinafter referred to as "the uninsulated hydronic valve" or the "valve").

2

9. On or about September 11, 2019, the hydronic valve in the subject Chilled Water Unit leaked water onto and into the Plaintiff's electrical panel. The water caused substantial damage and destruction to the electrical panel.

10. The valve leaked to damage Plaintiff's electrical panel because it was not properly designed and/or manufactured.

11. As a direct and proximate result of the water leak and associated damages to the Erlanger electrical panel, Erlanger sustained losses in an amount in excess of Eight Hundred Thousand and No/100 ($800,000.00) Dollars.

12. The negligent acts and omissions of defendant Honeywell, its employees, servants, and agents, proximately caused the damages sustained by plaintiff.

## COUNT I – NEGLIGENCE
## DEFENDANT HONEYWELL

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12 as if fully stated herein.

14. Honeywell owed a duty to Erlanger to use ordinary and/or reasonable care in designing, manufacturing, and supplying the hydronic valve used in the Chilled Water Unit located in the mechanical/electrical room for the cardiovascular operating room and associated equipment, such that it would be free from defects in design, material, manufacture and/or workmanship. Honeywell further owed Erlanger a duty to warn Erlanger of any dangerous defects or conditions in the hydronic valve which Honeywell knew or should have known existed.

15. Honeywell breached its duties to Erlanger and, as a result, Erlanger has been damaged in an amount in excess of Eight Hundred Thousand and No/100 ($800,000.00) Dollars.

WHEREFORE, Plaintiff seeks relief as follows:

1. That judgment be entered in its favor and against Defendant Honeywell for an amount in excess of Eight Hundred Thousand and No/100 ($800,000.00) Dollars, together with pre-judgment interest;

2. That Plaintiff recover its costs, if appropriate;

3. That the Court empanel a jury to hear all issues of fact; and

4. For such other and further relief as the Court deems just and proper.

## COUNT II - STRICT LIABILITY
## DEFENDANT HONEYWELL

16. Erlanger re-alleges and incorporates paragraphs 1 through 12 of this Complaint as if set forth fully hereinafter.

17. At all times relevant hereto, Honeywell was engaged in the business of designing, manufacturing, selling, and delivering hydronic valves such as the hydronic valve in question.

18. Honeywell is strictly liable to Erlanger for designing, manufacturing, selling, and delivering the hydronic valve which was unreasonably dangerous and in a defective condition when it left the control of Honeywell and which proximately caused Erlanger's losses and damages while the hydronic valve was being used for its ordinary, intended purpose and in an ordinary, intended manner.

19. At all times relevant hereto, Erlanger was unaware of the defective and unreasonably dangerous condition of the hydronic valve designed, manufactured, sold, and delivered by Honeywell.

WHEREFORE, Plaintiff seeks relief as follows:

1. That judgment be entered in its favor and against Defendant Honeywell for an amount in excess of Eight Hundred Thousand and No/100 ($800,000.00) Dollars, together with pre-judgment interest;

2. That Plaintiff recover its costs, if appropriate;

3. That the Court empanel a jury to hear all issues of fact; and

4. For such other and further relief as the Court deems just and proper.

## COUNT III - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## DEFENDANT HONEYWELL

20. Erlanger re-alleges and incorporates paragraphs 1 through 12 of this Complaint as if set forth fully hereinafter.

21. Honeywell is a merchant with respect to hydronic valves and with respect to the hydronic valve in question.

22. Honeywell impliedly warranted that the hydronic valve was merchantable.

23. Honeywell breached the implied warranty of merchantability with respect to the hydronic valve in question.

24. As a result of Honeywell's breach of the implied warranty of merchantability, the Valve failed and leaked water onto the Plaintiff's electrical panel.

25. As a result of the hydronic valve's failure and leak, Erlanger has been damaged in an amount in excess of Eight Hundred Thousand and No/100 ($800,000.00) Dollars.

WHEREFORE, Plaintiff seeks relief as follows:

1. That judgment be entered in its favor and against Defendant Honeywell for an amount in excess of Eight Hundred Thousand and No/100 ($800,000.00) Dollars, together with pre-judgment interest;

2. That Plaintiff recover its costs, if appropriate;

3. That the Court empanel a jury to hear all issues of fact; and

4. For such other and further relief as the Court deems just and proper.

This 31st day of January, 2022.

/s/ George E. Copple
George E. Copple (TN BPR #006411)
5115 Maryland Way
Brentwood, TN 37027
(615) 254-9100
gcopple@copplelaw.biz